The first section of the act entitled "An act to make the securities therein negotiable," passed in the year 1786, ch. 4, declares that "all bonds, bills and notes, etc., shall, after the passing of this act, be held and deemed to be negotiable, and all interest, etc., shall be transferable by endorsement, in the same manner and under the same rules, etc., as notes called promissory or negotiable notes have heretofore been." Its operation is not confined by express words to bills, bonds, etc., executed after that time; so that if the present question were to depend upon a construction to be made upon this section alone, independent of others in the same act, perhaps it would not be (510) improper to decide that this action has been rightfully brought.
The proviso in the third section declares, "That this act shall not extend to or have any operation with respect to any bonds, bills, etc., liquidated or settled accounts heretofore given or made." I think it is apparent that this proviso is confined solely to the regulations of interest, because it speaks of liquidated or settled accounts, which are not included in the first section, and which are not made negotiable by this act. When the third section speaks of liquidated and settled accounts, it speaks of them as being subject to carry interest after a particular time, and places them, in that respect, upon the same footing with bonds, bills, notes, etc., then, when the proviso speaks of liquidated and settled accounts, it can mean nothing more as to them than to ascertain the time they shall be subject to the rules of interest in that section established. Nor do I think it means anything more as to bonds, bills, etc. Had it *Page 418 
been intended that this proviso should in any respect control the whole act, it is not likely it would have been inserted in the middle of it; so that I think nothing can be collected from that proviso decisive of the question before us.
The first proviso in the 5th and last section declares that "The act of limitation of this State shall apply to all bonds, bills, and other securities hereafter executed, made transferable by this act, after assignment or endorsement thereof, in the same manner as it operates by law against promissory notes."
It might not be a very strained construction to say that from the words "bonds, bills, and other securities hereafter executed, transferable by this act," it was the sense of the Legislature that none but such as were executed after that time should be transferable by the act; and with this construction I am inclined to agree, and to be of opinion that the action is not well brought. If the impressions which heretofore have regulated the practice in this respect are of any weight, they will serve to support this opinion. Suits have been seldom, if ever, brought, as far as I can learn, in the names of assignees of bonds, executed (511) before the passage of the Act in 1786. I am of opinion that judgment should be entered for the defendant.